******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## STATE OF CONNECTICUT *v.* DAVON HAMILTON
## (AC 47239)

Cradle, C. J., and Clark and Seeley, Js.

*Syllabus*

Convicted, following a conditional plea of nolo contendere, of criminal possession of a pistol or revolver, the defendant appealed. He claimed that the trial court improperly denied his motion to suppress certain evidence that had been seized from his apartment following the execution of a search warrant. *Held*:

The trial court properly denied the defendant's motion to suppress as, applying the totality of the circumstances test, the search warrant application contained sufficient information from which the court reasonably could have inferred that there was a fair probability that contraband or evidence of a crime would be found at the defendant's apartment.

Argued March 7—officially released May 27, 2025

*Procedural History*

Information charging the defendant with two counts of the crime of criminal possession of a pistol or revolver, two counts of the crime of carrying a pistol without a permit, and one count each of the crimes of possession of a controlled substance, risk of injury to a child, criminal possession of a large capacity magazine, and improper storage of a firearm, brought to the Superior Court in the judicial district of New Haven, geographical area number twenty-three, where the court, *B. Fischer, J.*, denied the defendant's motion to suppress certain evidence; thereafter, the defendant was presented to the court, *Hon. Patrick J. Clifford*, judge trial referee, on a conditional plea of nolo contendere to the charge of criminal possession of a pistol or revolver; subsequently, the state entered a nolle prosequi as to the remaining charges; judgment of guilty in accordance with the plea, from which the defendant appealed to this court. *Affirmed.*

*Dina S. Fisher*, assigned counsel, for the appellant (defendant).

*Raynald A. Carre*, deputy assistant state's attorney, with whom, on the brief, were *John P. Doyle*, state's attorney, and *Sarah Jones*, assistant state's attorney, for the appellee (state).

*Opinion*

SEELEY, J. Following his conditional plea of nolo contendere, entered pursuant to General Statutes § 54-94a,[1] the defendant, Davon Hamilton, appeals from the judgment of conviction of criminal possession of a pistol or revolver in violation of General Statutes (Rev. to 2021) § 53a-217c.[2] The defendant entered his conditional plea after the court denied his motion to suppress evidence seized following the execution of a search warrant at an apartment in which he resided. On appeal,

[1] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress . . . the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress . . . would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress . . . . A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] General Statutes (Rev. to 2021) § 53a-217c provides in relevant part: "(a) A person is guilty of criminal possession of a pistol or revolver when such person possesses a pistol or revolver, as defined in section 29-27, and (1) has been convicted of a felony committed prior to, on or after October 1, 2013, or of a violation of section 21a-279, 53a-58, 53a-61, 53a-61a, 53a-62, 53a-63, 53a-96, 53a-175, 53a-176, 53a-178 or 53a-181d committed on or after October 1, 1994 . . . .

"(b) Criminal possession of a pistol or revolver is a class C felony, for which two years of the sentence imposed may not be suspended or reduced by the court, and five thousand dollars of the fine imposed may not be remitted or reduced by the court unless the court states on the record its reasons for remitting or reducing such fine."

All references herein to § 53a-217c are to the 2021 revision of the statute.

the defendant claims that the court improperly denied his motion to suppress because the search warrant application and affidavit failed to establish probable cause for the search of his apartment and the seizure of property therein. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. On June 8, 2021, Detective Elizabeth White and Officer Frank Grillo of the New Haven Police Department applied for a warrant to search the premises located at 320 Quinnipiac Avenue, apartment 3-E, in New Haven (premises) and to seize, inter alia, any firearms, ammunition and firearm related items found therein. They submitted an affidavit and application for a search and seizure warrant to the court, *Calistro, J.*, and the court issued the warrant the same day. The affidavit in support of the application consists of six paragraphs, only the third, fourth, and fifth of which are pertinent to the issue of probable cause.[3] Those paragraphs provide: "(3) During the week ending June 12, 2021 [White] and [Grillo] spoke to a [c]onfidential [i]nformant . . . regarding an individual in possession of a firearm. The [confidential informant] is familiar with firearms and knows the difference between facsimile firearms and actual firearms. The [confidential informant] has provided information in the past that has been corroborated by law enforcement and deemed to be reliable and credible.

"(4) According to the [confidential informant], during the week ending June 5, 2021, he/she observed a firearm

---

[3] The first paragraph of the affidavit introduces White and Grillo, the second paragraph describes their training, experience and assignments, and the sixth paragraph avers that the information in the prior paragraphs establishes probable cause to believe that the defendant resides at the premises, is subject to an active warrant and is in illegal possession of a firearm.

within [the premises]. The [confidential informant] stated [that] the individual in possession of this firearm was a [B]lack male who resides at this location and who is on parole. A single photograph of this individual from social media was sent by the [confidential informant] to [White and Grillo]. [White] identified the individual in the photograph as [the defendant] . . . . White knows [that the defendant] is on [state] [p]arole for [a]ssault [in the first degree]. . . . White confirmed through Connecticut Parole that [the defendant] resides at [the premises].

"(5) A records check, through [the records division of the] New Haven Police [Department] . . . confirmed [that] [the defendant] . . . is a convicted felon, which prohibits him from lawfully possessing firearms. This records check also revealed [that] [the defendant] has an active . . . warrant out of New Haven for [t]hreatening in the [first] [d]egree, [a]ssault in the [third] [d]egree, and [b]reach of [the] [p]eace in the [second] [d]egree—stemming from a domestic violence incident where a black firearm was displayed."

The police executed the warrant on June 10, 2021, and seized two firearms,[4] several rounds of ammunition, four firearm magazines, ten "baggies containing a white, rock-like substance," and $1.60 in change from the premises. The defendant, who was present during the execution of the search warrant, was arrested and charged in an information with two counts of criminal possession of a pistol or revolver in violation of § 53a-217c, two counts of carrying a pistol without a permit in violation of General Statutes § 29-35 (a), possession of a controlled substance in violation of General Statutes § 21a-279 (a) (1), risk of injury to a child[5] in violation of General Statutes § 53-21, criminal possession of a

_____

[4] Specifically, the two firearms seized from the premises were described as semiautomatic handguns manufactured by Glock and Smith and Wesson.

[5] Two women and two children were also present at the premises when the search warrant was executed.

large capacity magazine in violation of General Statutes (Rev. to 2021) § 53-202w (c), and improper storage of a firearm in violation of General Statutes (Rev. to 2021) § 29-37i.

On August 1, 2022, the defendant filed a motion to suppress the evidence seized from the premises, arguing, inter alia, that the search warrant application "[did] not contain information sufficient to support [a] . . . finding of probable cause . . . ." The state filed a memorandum of law in opposition to the defendant's motion to suppress. The court, *B. Fischer, J.*, held an evidentiary hearing and heard oral argument on the motion to suppress on January 12, 2023.[6] On February 17, 2023, the court issued a memorandum of decision denying the motion to suppress, finding that "[t]he information the [confidential informant] gave to the police was sufficient to establish probable cause for the search of [the premises]."

Following the denial of the motion to suppress, the defendant entered a written, conditional plea of nolo contendere to one count of criminal possession of a pistol or revolver in violation of § 53a-217c, conditioned on his right to appeal the denial of his motion to suppress. In accordance with the plea agreement, he was

---

[6] At the January 12, 2023 hearing, the prosecutor indicated that defense counsel had filed a motion for a hearing pursuant to *Franks* v. *Delaware*, 438 U.S. 154, 155–56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978) (holding that when defendant makes substantial preliminary showing that false statement knowingly and intentionally, or with reckless disregard for truth, was included by affiant in warrant affidavit, and, if allegedly false statement is necessary to finding of probable cause, fourth amendment requires that hearing be held at defendant's request), and argued that the defendant was not entitled to a *Franks* hearing. After the court inquired, however, defense counsel clarified that she was not pursuing a *Franks* motion at that time. The court acknowledged this and informed defense counsel that the motion for a *Franks* hearing could be renewed at a later date if so desired, but there is no indication in the record that the defendant subsequently pursued a *Franks* motion. Indeed, at oral argument before this court, defense counsel conceded that a *Franks* motion was never pursued.

sentenced to a total effective sentence of four years and six months of incarceration, two years of which were a statutory mandatory minimum, followed by four years of special parole. This appeal followed.

The defendant's sole claim on appeal is that the court improperly denied his motion to suppress because the information provided in the search warrant affidavit was insufficient to establish probable cause. Specifically, he argues that "the warrant suffers from deficiencies as to both the reliability and credibility of the [confidential informant] [because] [t]he search was predicated entirely on a single unsworn, uncorroborated and undetailed statement allegedly given to [White and Grillo] by an unnamed [confidential informant] whose reliability was only indirectly vouched for" and that "[t]his information falls far short of the information needed to justify a lawful search."[7] The state counters that "[t]he court properly denied the defendant's motion to suppress because there was ample evidence establishing probable cause that he possessed at least one handgun in violation of his special parole." We agree with the state.[8]

[7] The defendant argues that this is true because the information in the search warrant affidavit was insufficient (1) to establish the credibility of the confidential informant in that it contained only "the bald and indirect statement that the [confidential informant] 'had provided information in the past that has been corroborated by law enforcement and deemed to be reliable and credible,' " (2) to establish the basis for the confidential informant's knowledge because it "has no convincing details to support the [confidential informant's] knowledge about the defendant or his 'possession' of a firearm," and (3) to confirm that the information provided by the confidential informant was reliable, as "[t]he only step that appears to have been taken by the police [to corroborate the information provided by the confidential informant] was to confirm that the defendant resided at that location, was on parole and was a convicted felon."

[8] We also observe that, at the January 12, 2023 hearing, the state argued that the defendant was not "entitled to [present] testimony" and that the hearing should "be limited solely to arguments by counsel, given that this is a motion to suppress based on a search warrant, and the defendant is limited to asking any questions related to the four corners of the affidavit . . . [which] would be sufficient in this case . . . [because] [t]here would be nothing further to elicit since all of the information contained in the

We begin by setting forth the standard of review and legal principles that govern our resolution of this claim. "When reviewing the trial court's denial of a motion to suppress, the standard of review to be applied depends on whether the challenge asserted on appeal is to the factual basis of the trial court's decision or to its legal conclusions. . . . Where . . . the trial court has drawn conclusions of law, our review is plenary, and we must decide whether those conclusions are legally and logically correct in light of the findings of fact. . . . Whether the trial court properly found that the facts submitted were enough to support a finding of probable cause is a question of law. . . . Accordingly, [o]ur review of the question of whether an affidavit in support of an application for a search [and seizure] warrant provides probable cause for the issuance of the warrant is plenary. . . . Because this issue implicates a defendant's constitutional rights . . . we engage in a careful examination of the record to ensure that the court's decision was supported by substantial evidence. . . .

"Both the fourth amendment to the United States constitution[9] and article first, § 7, of the Connecticut

[warrant] affidavit is sufficient for Your Honor to make a determination [of] whether there was probable cause for the search here." We agree that the only relevant consideration to the court's probable cause determination was the information contained in the warrant affidavit, as it is well established that our review "may consider only the information set forth in the four corners of the affidavit that was presented to the issuing judge and the reasonable inferences to be drawn therefrom." (Internal quotation marks omitted.) *State* v. *Joseph E.*, 231 Conn. App. 556, 564, 333 A.3d 522, cert. denied, 351 Conn. 927,      A.3d      (2025). Thus, to the extent that the defendant argues that certain questions asked by defense counsel at the January 12, 2023 hearing support the conclusion that the court's probable cause determination was improper, we do not consider this argument.

[9] The fourth amendment to the United States constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

constitution[10] prescribe that a search warrant shall issue only upon a showing of probable cause.[11] Probable cause to search exists if . . . (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction . . . and (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched. . . . Although [p]roof of probable cause requires less than proof by a preponderance of the evidence . . . [f]indings of probable cause do not lend themselves to any uniform formula because probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules. . . . Consequently, [i]n determining the existence of probable cause to search, the issuing [judge] assesses all of the information set forth in the warrant affidavit and should make a practical, nontechnical decision whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . . The determination of probable cause is reached by applying a totality of the circumstances test. . . .

"[Our Supreme Court] has recognized that because of our constitutional preference for a judicial determination of probable cause, and mindful of the fact that [r]easonable minds may disagree as to whether a particular [set of facts] establishes probable cause . . . *we evaluate the information contained in the affidavit in the light most favorable to upholding the issuing*

---

[10] Article first, § 7, of the Connecticut constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

[11] "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." (Internal quotation marks omitted.) *State* v. *Holley*, 324 Conn. 344, 354, 152 A.3d 532 (2016).

*judge's probable cause finding. . . .* We therefore review the issuance of a warrant with deference to the reasonable inferences that the issuing judge could have and did draw. . . . In evaluating whether the warrant was predicated on probable cause, a reviewing court may consider only the information set forth in the four corners of the affidavit that was presented to the issuing judge and the reasonable inferences to be drawn therefrom." (Citations omitted; emphasis in original; footnotes added; internal quotation marks omitted.) *State v. Joseph E.*, 231 Conn. App. 556, 562–64, 333 A.3d 522, cert. denied, 351 Conn. 927, A.3d (2025); see *State* v. *Smith*, 344 Conn. 229, 243–45, 278 A.3d 481 (2022); see also *State* v. *Griffin*, 339 Conn. 631, 646–47, 262 A.3d 44 (2021) (acknowledging that our appellate courts "will uphold the validity of [a] warrant . . . [if] the affidavit at issue presented a substantial factual basis for the [issuing judge's] conclusion that probable cause existed" and "will not invalidate a warrant . . . merely because [the reviewing court] might, in the first instance, have reasonably declined to draw the inferences that were necessary" (internal quotation marks omitted)), cert. denied, U.S. , 142 S. Ct. 873, 211 L. Ed. 2d 575 (2022).

"If a search warrant affidavit is based on information provided to the police by a confidential informant, the issuing judge should examine the affidavit to determine whether it adequately describes both the factual basis of the informant's knowledge and the basis on which the police have determined that the information is reliable. If the warrant affidavit fails to state in specific terms how the informant gained his knowledge or why the police believe the information to be trustworthy, however, the [judge] can also consider all the circumstances set forth in the affidavit to determine whether, despite these deficiencies, other objective indicia of reliability reasonably establish that probable cause to

search exists. In making this determination, the [judge] is entitled to draw reasonable inferences from the facts presented. . . . Therefore, although no single factor is dispositive, the veracity or reliability and basis of knowledge of [the informant] are highly relevant in the issuing judge's analysis of the totality of the circumstances."[12] (Citation omitted; internal quotation marks omitted.) *State* v. *Griffin*, supra, 339 Conn. 645–46.

In the present case, the defendant's challenge to the adequacy of the warrant affidavit is based on his assertion that it does not contain sufficient information to establish the confidential informant's credibility, to establish the basis for the confidential informant's knowledge, or to confirm the reliability of the information provided by the confidential informant. Consequently, we must apply the totality of the circumstances test to the four corners of the warrant affidavit to determine whether it established a substantial factual basis to justify the issuing judge's probable cause determination. See id.; *State* v. *Joseph E.*, supra, 231 Conn. App. 562–64.

Having reviewed the warrant affidavit in the light most favorable to upholding the issuing court's probable cause determination, we conclude that the affidavit established a substantial factual basis to justify the issuing judge's finding of probable cause. The warrant affidavit in this case sets forth information given to law enforcement by a confidential informant that provides substantial evidence from which the issuing judge could have determined, on the basis of the totality of the circumstances, that a finding of probable cause was warranted.

---

[12] "[A]n informant's reliability and basis of knowledge are no longer independent requirements for a finding of probable cause; rather, a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." (Internal quotation marks omitted.) *State* v. *Griffin*, supra, 339 Conn. 652–53.

As our Supreme Court has recognized with respect to the reliability of a confidential informant, although "unsupported" statements about the track record of an informant "[are] entitled only to slight weight in the probable cause analysis"; *State* v. *Griffin*, supra, 339 Conn. 649; such statements "[provide] at least some information about the informant's past performance" because "[t]he issuing judge reasonably could have inferred from [such an] assertion that the informant had provided information to the police in connection with at least one prior criminal matter that proved to be true and reliable." Id., 648. The warrant affidavit prepared by White and Grillo states: "The [confidential informant] has provided information in the past that has been corroborated by law enforcement and deemed to be reliable and credible." Thus, because this statement provided "some information about the informant's past performance"; *State* v. *Griffin*, supra, 648; it, at least nominally, supported the confidential informant's reliability.

Moreover, other aspects of the warrant affidavit further established the confidential informant's reliability. For one, it is evident from the warrant affidavit that the confidential informant's identity was known to the police. "[A]s [our Supreme] [C]ourt has repeatedly recognized, [t]he fact that an informant's identity is known . . . is significant because the informant could expect adverse consequences if the information that he provided was erroneous. Those consequences might range from a loss of confidence or indulgence by the police to prosecution for . . . falsely reporting an incident under General Statutes § 53a-180 [c], had the information supplied proved to be a fabrication." (Internal quotation marks omitted.) Id., 650; see also *State* v. *Flores*, 319 Conn. 218, 228, 125 A.3d 157 (2015) (fact that informant "could have expected adverse consequences for

relaying false information" provided "indicia of reliability"), cert. denied, 578 U.S. 912, 136 S. Ct. 1529, 194 L. Ed. 2d 615 (2016); *State* v. *Johnson*, 286 Conn. 427, 438, 944 A.2d 297 ("[t]he first factor supporting an inference of the informant's reliability or veracity [in this case] is the fact that the informant was not anonymous"), cert. denied, 555 U.S. 883, 129 S. Ct. 236, 172 L. Ed. 2d 144 (2008). In the present case, the warrant affidavit does not assert that the information was the product of an anonymous tip; rather, it states that the information was provided by a confidential informant whom the police had used in the past. Given that the information provided to the police was not from an anonymous source, but from a confidential informant known to the police, it follows that the informant "could [have] expect[ed] adverse consequences" if the information he or she provided to the police was untruthful. (Internal quotation marks omitted.) *State* v. *Griffin*, supra, 339 Conn. 650. Thus, it was reasonable for the issuing judge to infer that the information provided by the confidential informant—that he or she had observed at the premises a Black male, who was on parole and resided there, to be in possession of a firearm—was not fabricated. See id.

Second, the issuing judge also would have been able to consider that, as recounted in the warrant affidavit, when White conducted a records check with the New Haven Police Department regarding the defendant, she learned that he was a convicted felon who was lawfully prohibited from having firearms and had an active warrant out for his arrest in relation to a domestic violence incident in which a "black firearm" allegedly had been displayed. This investigation by White not only further established the reliability of the information given by the confidential informant to the police by revealing that the suspect had engaged in past criminal behavior;

see *State* v. *Griffin*, supra, 339 Conn. 647 n.9 (recognizing that "the reputation and past criminal behavior of the suspect" is one "of the most common factors used to evaluate the reliability of an informant's tip" (internal quotation marks omitted)); it also provided the issuing judge with an additional indicia of reliability that justified the finding of probable cause. See id., 652–53 (acknowledging that, "in determining the overall reliability of a tip," deficiency in "an informant's reliability [or] basis of knowledge . . . may be compensated for . . . by *some other indicia of reliability*" (emphasis added; internal quotation marks omitted)); *State* v. *Rodriguez*, 27 Conn. App. 307, 315, 606 A.2d 22 (1992) (characterizing "results of independent police investigation" as potential "indicia of trustworthiness"); see also *United States* v. *May*, 399 F.3d 817, 824 (6th Cir. 2005) ("[t]he additional evidence substantiating an informant's reliability . . . may be any set of facts that support the accuracy of the information supplied by the informant").

Third, and perhaps most significant to the issue of the confidential informant's reliability, the warrant affidavit indicates that the police corroborated certain information provided by the informant. "Partial corroboration of an informant's report by facts developed by [the] police, as the [United States Supreme] [C]ourt emphasized in *Illinois* v. *Gates*, [462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)], is another way to establish the reliability of an . . . informant's tip . . . . [S]ee *United States* v. *Greenburg*, 410 F.3d 63, 69 (1st Cir. 2005) ([c]orroboration of apparently innocent activity can establish the reliability of the informant because the activity might come to appear suspicious in light of the initial tip); *State* v. *Hunter*, 27 Conn. App. 128, 134, 604 A.2d 832 (1992) (reliability of untested informant verified and probable cause present under totality of circumstances after independent police investigation

corroborated large portion of informant's tip)." (Citations omitted; internal quotation marks omitted.) *State v. Johnson*, supra, 286 Conn. 439–40. "It is enough, for purposes of assessing probable cause, that [corroboration] through other sources of information reduced the chances of a reckless or prevaricating tale, thus providing a substantial basis for crediting the [informant's assertion]." (Internal quotation marks omitted.) *United States* v. *McKenzie*, 13 F.4th 223, 238 (2d Cir. 2021), cert. denied,      U.S.     , 142 S. Ct. 2766, 213 L. Ed. 2d 1005 (2022); see *State* v. *Smith*, 257 Conn. 216, 226, 777 A.2d 182 (2001) ("police investigation confirming details of [an] informant's report may establish that the informant obtained the information in a reliable way").

"[S]tatements made by an informant are entitled to greater weight if corroborated by evidence independently gathered by the police. . . . The theory of corroboration is that a statement which has been shown true in some respects is reasonably likely to be true in the remaining respects." (Citation omitted; internal quotation marks omitted.) *State* v. *DiMeco*, 128 Conn. App. 198, 205, 15 A.3d 1204, cert. denied, 301 Conn. 928, 22 A.3d 1275, cert. denied, 565 U.S. 1015, 132 S. Ct. 559, 181 L. Ed. 2d 398 (2011). Thus, "[i]f, through corroboration, it is shown that the informant has provided reliable information, the issuing judge may credit other information provided by the informant." *State* v. *Holley*, 324 Conn. 344, 357, 152 A.3d 532 (2016).

In this case, the warrant affidavit describes how White partially corroborated the confidential informant's assertion that the informant had observed at the premises a Black male, who was on parole and resided there, to be in possession of a firearm. In particular, the warrant affidavit states that, after recognizing the defendant from the photograph sent to White and Grillo by the confidential informant, White was able to confirm that the defendant was on state parole and that

the address of the premises was the same one listed as the defendant's address with "Connecticut Parole."[13] White therefore was able to successfully corroborate the confidential informant's assertion that a Black male parolee resided at the premises. See *State* v. *Griffin*, supra, 339 Conn. 647 n.9 (recognizing that "corroboration of the information by [the] police" is one "of the most common factors used to evaluate the reliability of an informant's tip" (internal quotation marks omitted)). This partial corroboration of the information provided by the confidential informant entitled the issuing judge to credit the other information provided by the informant; see *State* v. *Holley*, supra, 324 Conn. 357; and "to give greater weight to the informant's claim" that he or she had observed a Black male, who was on parole, in possession of a firearm at the premises where the Black male resided. *State* v. *Griffin*, supra, 652.[14] We conclude that this corroboration by the police, taken together with the aforementioned factors, provided strong evidence of the informant's reliability. See id., 651–52.

Finally, the warrant affidavit also contains a "clear showing of the informant's basis of knowledge," which

---

[13] The issuing judge could have reasonably inferred that the reference to "Connecticut Parole" in the warrant affidavit referred to the Board of Pardons and Paroles. See *State* v. *Griffin*, supra, 339 Conn. 645–46.

[14] See *State* v. *DeFusco*, 224 Conn. 627, 644, 620 A.2d 746 (1993) (recognizing that "corroboration would be a proper ground on which to base an inference of reliability"); *State* v. *Rodriguez*, 223 Conn. 127, 137, 613 A.2d 211 (1992) (statement in warrant affidavit that confidential informant saw defendant carrying revolver before shooting was entitled to reliability because it was corroborated); see also *State* v. *Toth*, 29 Conn. App. 843, 856, 618 A.2d 536 ("[a]lthough the confidential informant was not specifically shown to be reliable or trustworthy, the information derived from all sources and corroborated by police surveillance [and investigation] reasonably allowed the issuing authority to conclude that the information supplied by the informants presented a substantial factual basis on which to find that probable cause existed" (internal quotation marks omitted)), cert. denied, 225 Conn. 908, 621 A.2d 291 (1993), and cert. denied, 225 Conn. 908, 621 A.2d 291 (1993).

mitigates any remaining doubts concerning the confidential informant's reliability. Id., 652. "[O]ur Supreme Court has assigned great weight to knowledge provided to law enforcement by known informants who have '[firsthand] information' of a crime"; *State* v. *Freeman*, 132 Conn. App. 438, 450, 33 A.3d 256 (2011), aff'd, 310 Conn. 370, 77 A.3d 745 (2013); and "stated that 'the surest way to establish a basis of knowledge is by a showing that the informant is passing on what is to him [firsthand] information . . . .'" *State* v. *Johnson*, supra, 286 Conn. 440. As to the basis of knowledge for the information provided by the confidential informant in the present case, the warrant affidavit states that the informant "is familiar with firearms and knows the difference between facsimile firearms and actual firearms" and that he or she "observed a firearm within [the premises]" that was possessed by "a [B]lack male who resides at this location and who is on parole." It further states that the confidential informant provided the police with a photograph of this individual that was taken from social media. Given that the warrant affidavit provided information that described the alleged wrongdoing, along with "a statement that the event was observed firsthand" by the confidential informant, we conclude that the issuing judge reasonably could have determined that the informant's basis of knowledge "entitle[d] his [or her] tip to greater weight than might otherwise be the case"; (internal quotation marks omitted) *State* v. *Griffin*, supra, 339 Conn. 653; and mitigated any doubts regarding the informant's reliability. See id. (concluding "that the issuing judge could rely on th[e] [confidential informant's] particularized knowledge to overcome uncertainty as to the informant's reliability or veracity" when warrant affidavit alleged, inter alia, "that the informant personally observed [a black, rifle type firearm] and ammunition inside the defendant's residence"); *State* v. *Morrill*, 205

Conn. 560, 566, 534 A.2d 1165 (1987) ("The affidavit states that the informant personally observed the defendant sell [marijuana] and [that] he heard the defendant state that he had ten pounds to sell. From these statements the [issuing judge] could reasonably have inferred that the defendant was engaged in the ongoing criminal activity of selling [marijuana].").

Accordingly, applying the totality of the circumstances test, we conclude that the search warrant application contained sufficient information from which the court reasonably could have inferred that there was a fair probability that contraband or evidence of a crime would be found at the premises. For that reason, the court properly denied the defendant's motion to suppress.

The judgment is affirmed.

In this opinion the other judges concurred.